ORIGINAL

# In the United States Court of Federal Claims

No. 15-13C
(Filed: March 31, 2015)

|  |  |
|---|---|
| JANICE WEEKS-KATONA, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**FILED**

MAR 3 1 2015

U.S. COURT OF
FEDERAL CLAIMS

*Janice Weeks-Katona*, Tampa, FL, Plaintiff, *pro se*.

*Amanda L. Tantum*, with whom were *Bejamin C. Mizer*, Acting Assistant
Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Reginald T. Blades*,
Assistant Director, Commercial Litigation Branch, Civil Division, United States
Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER DISMISSING COMPLAINT

**KAPLAN, Judge.**

This case arises out of a complaint filed on December 31, 2014 by the plaintiff, Janice
Weeks-Katona, proceeding pro se. Currently before the Court is the government's motion to
dismiss the complaint pursuant to RCFC 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure
to state a claim. For the reasons set forth below, the government's motion to dismiss for lack of
jurisdiction is **GRANTED**.

## BACKGROUND

In her complaint, Ms. Weeks-Katona identifies herself as a resident of a half-way house
in Tampa, Florida, in the custody of the United States Bureau of Prisons. Compl. at 1. She
alleges that at an unspecified time, the government "tendered" an "Offer" to her "to settle and
close" an unspecified "matter" for $5 million "which Plaintiff timely accepted and attempted to
perform on." Compl. at 3. In addition, Ms. Weeks-Katona alleges that the government
"impaired [her] performance and deprived [her] of [a] remedy in violation of 18 U.S.C. § 241,

242." Id. at 3. She further states that "when impairment ceased, Plaintiff performed on the contract and tendered $15 million, three times the amount agreed upon, which by law compels Defendant to honor the contract and release the collateral held as surety for the interim debt." Id. at 5. In addition, the complaint sets forth the plaintiff's demands for judgment against the government, consisting of an "Order to release the collateral and pay the TREZEVANT and CULVERHOUSE rate for penalties for breach of contract, loss and damages." Compl. at 4. Finally, plaintiff notes that "[t]he delay kept Plaintiff from assisting US treasury by implementing the 'Cure for Chimera' to neutralize the effect of toxic derivatives and stabilize the value of [the] US dollar." Compl. at 4.

In addition to these assertions, in her reply in support of her motion to proceed in forma pauperis,[1] Ms. Weeks-Katona also claims that she "has unfulfilled claims on funds that Defendant unfairly retained in transactions." Pl.'s Reply in Support of Mot. to Proceed in Forma Pauperis 2, ECF No. 9, Feb. 25, 2015. She further asserts that an unnamed "judge failed to settle [her] accounts and release collateral per contract and restore Plaintiff to wholeness." Id. at 3. Ms. Weeks-Katona states that she seeks "settlement of accounts and release of collateral by way of ADR proceedings in this Court." Id. at 2; see also Pl.'s Mot. for Protection 5, ECF No. 6, Jan. 28, 2015 (seeking a settlement).

In addition to these assorted allegations, in her complaint, Ms. Weeks-Katona observes that this case is related to an action that she filed in this court in 2005 (Weeks-Katona v. United States, No. 05-500), which she alleges she was "clearly not prepared to litigate" at the time she filed it. Compl. at 3. She asserts that the current action reflects additional research into and development of the issues presented in the previous case. Id. According to Ms. Weeks-Katona, "[d]eep continuous research and finally the cooperation and dutiful response of the Office of Administration of [the] US Courts has brought plaintiff back to this court of last resort to settle and get closure on super-sensitive subject matter for the good of all concerned." Id. (citing certain alleged complaints for judicial misconduct filed against a district court judge).[2]

## DISCUSSION

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act waives the sovereign immunity of the United States to allow

---

[1] Although Ms. Weeks-Katona filed a motion to proceed in forma pauperis, she subsequently paid the Court's filing fee. That motion is, accordingly, **DENIED** without prejudice as moot.

[2] No. 05-500 was sealed on Ms. Weeks-Katona's motion by order of the court on December 19, 2014. The docket entries for the case indicate that it was dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) on January 13, 2006.

a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, as this one is, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004). In this case, Ms. Weeks-Katona has not met that burden.

The allegations in plaintiff's complaint are, to say the least, unclear. Among other things, the complaint appears to assert the following claims: (1) that plaintiff is being "wrongfully detained" (Compl. at 2); (2) that certain unnamed federal judges committed the "crime of misappropriating funds taken from the JANICE-WEEKS-KATONA estate" (id.); and (3) that plaintiff was deprived of an unspecified "remedy" in violation of Title 18's civil rights provisions (Compl at 3). This Court, of course, lacks jurisdiction over such claims, which appear to be based either in tort or on provisions of the criminal code, and which apparently relate to her treatment in the criminal justice system. See, e.g., Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [C]ourt [of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."); Johnson v. United States, 17 F. App'x 964, 966 (Fed. Cir. 2001); Cycenas v. United States, No. 14-544C, 2015 WL 1144729 at *11 (Fed. Cl. March 12, 2015) (holding that the Court of Federal Claims "lacks jurisdiction to review plaintiff's . . . claims that sound in tort or allege criminal conduct" and citing cases); Woodson v. United States, 89 Fed. Cl. 640, 650 (Fed. Cl. 2009).

To be sure, it is possible to read Ms. Weeks-Katona's complaint as attempting to allege a claim for damages for breach of contract. See Compl. at 4 (alleging "breach of contract," seeking "damages," and stating that plaintiff "performed on the contract" and that "defendant did not close the case as contracted"). But in the Court's view, the breach of contract claims in Ms. Weeks-Katona's complaint (if that is what they are) are too vague, implausible, and frivolous to establish its jurisdiction to hear this case under the Tucker Act. See Crewzers Fire Crew Transport, Inc. v. United States, 741 F.3d 1380, 1382 (Fed. Cir. 2014) (to invoke the Court of Federal Claims's jurisdiction under the Tucker Act, plaintiff must present a well-pleaded allegation that its claims arose out of a valid contract with the United States); Engage Learning, Inc. v. Salazar, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (non-frivolous allegation of a contract with the government is required to establish Tucker Act jurisdiction); Trauma Serv. Group v. United

States, 104 F.3d 1321, 1325 (Fed. Cir. 1997) (requiring a "well-pleaded allegation" of an express contract "to overcome challenges to jurisdiction").[3]

In order to recover for a breach of contract, a plaintiff must demonstrate: (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach. San Carlos Irrigation & Drainage Dist. v. United States, 877 F.2d 957, 959 (Fed. Cir. 1989). To establish the existence of a valid contract with the United States, whether express or implied-in-fact, a plaintiff must show (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. Kam-Almaz v. United States, 682 F.3d 1364, 1368 (Fed. Cir. 2012); Suess v. United States, 535 F.3d 1348, 1359 (Fed. Cir. 2008); Flexfab, L.L.C. v. United States, 424 F.3d 1254, 1265 (Fed. Cir. 2005).

Plaintiff's complaint, even liberally read, fails to set forth facts to establish the existence of a valid contract with the government. It does not contain the identity of the government official with whom plaintiff allegedly contracted, much less a factual basis for concluding that such official had the authority to bind the United States in contract. The complaint fails to identify the subject matter of the alleged contract, the nature of the "case" that the government allegedly agreed to "settle and close," or the date the contract was entered. And to the extent that the complaint contains allegations related to the consideration that each party provided under the contract, those allegations are nothing short of fantastical. Thus, Ms. Weeks-Katona (who initially filed a request to proceed in forma pauperis in this case) claims that she tendered a payment of $5 million to the United States as consideration for its agreement to "settle and close" an unspecified "matter" or "case" and then raised the amount tendered to "$15 million dollars, three times the amount agreed upon."

In short, plaintiff's complaint does not contain a non-frivolous allegation of the existence of a contract with the United States, or any other basis for invoking this Court's jurisdiction. Accordingly, it must be dismissed.

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED**, and this case is dismissed without prejudice.[4]

---

[3] See also Bell v. Hood, 327 U.S. 678, 682-83 (1946) (noting that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim . . . is wholly insubstantial and frivolous"); Lewis v. United States, 70 F.3d 597, 602-03 (Fed. Cir. 1995) (acknowledging line of Supreme Court cases that "countenance[s] the dismissal of frivolous claims on jurisdictional grounds" where frivolity of claims is "very plain"); Stephanatos v. United States, 306 F. App'x 560, 563 (Fed. Cir. 2009) (affirming the dismissal of certain "claims that are obviously frivolous and without merit" pursuant to RCFC 12(b)(1), rather than RCFC 12(b)(6)).

[4] On January 28, 2015, Ms. Weeks-Katona's filed a "Motion for Protection" which seeks, among other things, "[p]rotection from Defendant's rogue agents to assure Plaintiff's safety and wellbeing to enable her to give vital testimony" for a "mega case in Tampa." Pl.'s Mot. for

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge

---

Protection at 5.  It is well established that this Court does not possess independent jurisdiction to grant such requests for equitable relief.  See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing United States v. King, 395 U.S. 1, 2-3 (1969)).  Accordingly, plaintiff's Motion for Protection is **DENIED**.  Plaintiff's Motion to Seal All Documents (ECF No. 14) is likewise **DENIED**, as plaintiff's stated grounds for the motion—that the public disclosure of the documents filed in this case would embarrass the government—has no basis and is, in any event, insufficient to justify the issuance of a protective order under RCFC 5.2.  Plaintiff's Motion to Release Human Collateral (ECF No. 13), which seeks an order compelling her release from the custody of the Bureau of Prisons, is **DENIED** as beyond this Court's jurisdiction to grant. Finally, her Motion to Substitute the Real Parties in Interest in Capacity of Plaintiff and Defendant (ECF No. 20) is also **DENIED**, as plaintiff's original complaint properly designated the real parties in interest in this case, herself and the United States.